THE CITY OF DALLAS V. J. E. BEEMAN.

No. 958.

**Municipal Corporation—Liability for Injury to Property—Incidental Benefits.**

Where a ditch was cut through defendant's lot within the limits of a city by private persons, acting without authority from the city and for their own benefit, the fact that the city was incidentally benefited thereby in the matter of street drainage will not render it liable for the damages so caused to the lot.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*A. P. Wozencraft* and *T. A. Work,* for appellant.—The court erred in not submitting to the jury the question as to whether or not the city of East Dallas cut the ditch, or did the acts complained of in plaintiff's petition, or authorized the cutting of said ditch or the doing of the said acts, the evidence in regard to the said matters being conflicting, and not conclusive. Sayles' Civil Stats., article 1517; Johnson v. Railway, 21 S. W. Rep., 275; Insurance Co. v. Brown, 82 Texas, 61; Railway v. Ryan, 82 Texas, 562; Johnston v. Drought, 22 S. W. Rep., 295; Boaz v. Schneider, 69 Texas, 128; Leach v. Wilson, 68 Texas, 353; Smith v. Eckford, 18 S. W. Rep., 210; Golden v. Patterson, 56 Texas, 628; Railway v. Harless, 1 White & W. C. C., sec. 582; Railway v. Lanham, 1 White & W. C. C., sec. 251; Gray v. Burk, 19 Texas, 228; Gay v. McGuffin, 9 Texas, 501; Wells v. Bennett, 7 Texas, 584; Crosier v. Kirker, 4 Texas, 252; Cobb v. Beal, 1 Texas, 342.

*W. L. McDonald,* for appellee.—There is no law clearer or better settled, in this State, than that it is proper for the court to charge the jury directly upon the legal effect of the admitted or uncontroverted facts of the case, as the court did in this instance. Wintz v. Morrison, 17 Texas, 372; Hedgepeth v. Robertson, 18 Texas, 858; Teal v. Terrell, 58 Texas, 261; Rosenthal v. Middlebrook, 63 Texas, 333; McFadden v. Schill, 84 Texas, 77; Railway v. Rowland, 3 Texas Civ. App. Rep., 158; Bonner & Eddy, Receivers, v. Green, 6 Texas, Civ. App. Rep., 158.

LIGHTFOOT, CHIEF JUSTICE.—The statement of the case by appellant is acquiesced in by appellee, and is as follows: "This suit was instituted October 1, 1889, by J. E. Beeman, a resident of Dallas County, Texas, against the city of East Dallas, a municipal corporation duly incorporated under the general laws of Texas for cities and towns of under 10,000 inhabitants. On March 21, 1890, plaintiff filed his first amended original petition, and made the city of Dallas a party to said suit. On February 22, 1894, plaintiff filed his second amended original petition, on which he went to trial. In said petition, plaintiff alleged that the city of East Dallas was merged into the city of Dallas by a special act of the Twenty-first Legislature of the State of Texas, under an act, entitled, 'An act to provide for the repeal of the charter of the city of East Dallas, and the annexation of the territory thereof to the city of Dallas.' That under and by virtue of said act, the city of East Dallas ceased to exist, and became merged into the city of Dallas on January 1, 1890. That by the terms of said law or special act, all public property, real, personal and mixed, belonging to the said city of East Dallas on January 1, 1890, became on said date vested in the city of Dallas, and from said date made subject to the control, management and disposal of said city of Dallas; that said special law provided that the city of Dallas should assume and pay all of the lawful debts which might exist against the said city of East Dallas on January 1, 1890, and that said city of Dallas should receive from the city

of East Dallas all property of every kind belonging to the city of East Dallas, and that all taxes levied and assessed by the city of East Dallas, and not collected prior to January 1, 1890, should be collected for the benefit of the city of Dallas. That said city of Dallas is authorized and empowered by said special act of the Legislature to levy a tax upon the property and other objects of taxation within the limits of the former city of East Dallas sufficient to pay all debts that may exist against the said former city of East Dallas. That by reason of said act and said merger thereunder, the city of Dallas became liable to pay to plaintiff his damages claimed in the original petition filed against the city of East Dallas on October 1, 1889.

"That the city of East Dallas, on the .... day of February, 1889, acting within the scope of its corporate powers, and for the purpose of straightening the channel and changing the course of Mill creek, in the corporate limits of said city of East Dallas, and across Elm street, and for the purpose of improving Elm street, the property adjacent thereto, and the water drainage and the sanitary condition of said city, did enter upon a lot of ground of plaintiff's with its teams, officers, agents and servants, and unlawfully and forcibly take possession of and convert to its own use said lot, by digging a ditch or channel of great depth, to-wit, fifty feet, through the entire length of plaintiff's lot, and thereby causing Mill creek to run through said lot, and deflecting it from its natural channel, and destroying plaintiff's blacksmith shop, to plaintiff's damage $2,000, and rendering plaintiff's property almost worthless and its beauty destroyed. Plaintiff asked $2,000 damages, and interest thereon from January 1, 1890, and for costs of suit.

"On February 8, 1894, defendant filed its second amended original answer, in which defendant plead the general demurrer, special exceptions, general denial, and specially plead, (1) if plaintiff ever suffered any damages by reason of the digging of said ditch, which defendant denied, that it was caused by the acts of private parties, that said private parties were not acting under or by virtue of any authority from the city of East Dallas, but did said work by private subscription among themselves and for their own private benefit; that the same was fully agreed to by plaintiff; that said work was done altogether on private property, over which the city of East Dallas had no control, and over which it did not attempt to exercise any control; and (2) that plaintiff is estopped from asserting any claim therefor, for that plaintiff was at the time of the doing of said acts an officer of the city of East Dallas; that plaintiff knew at the time of the act that it was being done, and that it was not authorized by the city of East Dallas, but was being done by private parties for the benefit of their property and totally at the expense of said parties; that it was agreed to between plaintiff and said private parties that said ditch was to be so dug, and that plaintiff was to receive $500 therefor, and that plaintiff stood by and saw work done and never attempted to stop said work; and, (3)

that if said ditch was dug by authority of said city of East Dallas, which is expressly denied, it did not injure said property, but on the contrary greatly benefited same.

"On February 24, 1894, plaintiff filed his first supplemental petition, alleging that if said work was not done by authority of the city of East Dallas, that said city had notice that same was being done and fully ratified same and accepted the benefit thereof. On the trial of the cause, February 26, 1894, the court overruled defendant's general demurrer and special exception, to which defendant excepted, and the cause being submitted to a jury, a verdict was rendered by said jury in favor of plaintiff for the sum of $500, without interest. The city appeals."

There was testimony introduced by appellee tending to show that the ditch was cut through his premises in straightening Mill creek, and that he was damaged thereby; but it was a seriously controverted question, both under the pleadings and the evidence, whether such work was done by appellant or under its direction.

In this state of the case, the court charged the jury as follows: "If plaintiff has suffered any damages by reason of the acts complained of in cutting such ditch through his land, then you are instructed that under the undisputed evidence the defendant is liable therefor. If you find that the plaintiff has sustained damages by reason of the cutting of said ditch through this land, then the measure of his right to recover would be the difference, if any, between the market value of his property immediately before the cutting of such ditch and the market value thereof immediately after such ditch had been cut, and to your finding, if any, you may add interest from the time said ditch was completed to July 12, 1891, at 8 per cent. per annum, and thereafter to date at 6 per cent. per annum, not compounding the same.

"If you find that plaintiff has sustained no damage by reason of the acts complained of in cutting said ditch, then find for defendant. You are the exclusive judges of the weight of the evidence and the credibility of the witnesses. The burden of proof is upon the plaintiff to show the amount of his damage, if any."

The appellant's counsel requested the court to charge the jury as follows: "Unless you find from the evidence that the city of East Dallas either cut or dug the ditch complained about in plaintiff's petition, or authorized the digging of the same, the defendant would not be liable for damage in this case; and if the evidence does not show that said city of East Dallas dug said ditch, or authorized the digging of same, you will find for the defendant. The burden of proof upon this point is upon the plaintiff."

This requested charge was refused, and there was no charge given to the jury submitting the question whether such ditch was cut by the city or under its direction. This was the leading question in the case, and is clearly presented in this court in different aspects under several different assignments of error.

The court erred in refusing to submit the question to the jury. We fully recognize the right guaranteed under our constitution, that, "No person's property shall be taken, damaged or destroyed, or applied to public use, without adequate compensation being made, unless by the consent of such person." Article 1, section 17, State Constitution. But, if the ditch was cut by private persons for their own benefit, although the public might have been incidentally benefited, this would not give a right of action against the city, unless the acts complained of were done by the agents of the city under its direction or authority. Upon this point there was a conflict in the evidence, and the question should have been submitted to the jury under appropriate instructions. It is claimed by appellee that the work was done by and under the direction of the city engineer and street committee. If such was the case, it would be necessary to show either authority from the city council to such officers to do the work, or a ratification of their acts by the city. 2 Dill. Mun. Corp., sec. 972. The court should not have taken from the jury an issue of fact so important. Insurance Co. v. Brown, 82 Texas, 631.

For the error of the court in refusing to instruct the jury as above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 18, 1896.