## FALL v. THOMPSON et al.
### No. 2767.

Court of Civil Appeals of Texas. El Paso. Jan. 26, 1933.

Rehearing Denied Feb. 16, 1933.

A. U. Puckett and Geo. Sergeant, both of Dallas, for appellant.

Thomas, Frank & Grady, of Dallas, for appellee Thompson.

Hugh S. Grady, City Atty., and A. J. Thuss, H. P. Kucera, and W. Hughes Knight, Asst. City Attys., all of Dallas, for appellee City of Dallas.

WALTHALL, Justice.

On May 28, 1930, Mrs. Willie Kay Fall, a widow, residing in Dallas, Tex., filed her first amended original petition, complaining of J. C. Thompson and the city of Dallas, and praying that "she have judgment against defendants for the damages, interest, reasonable attorney's fees and costs," by reason of the matters complained of. Thompson and the city of Dallas filed separate answers, each, among defenses, answering by a general demurrer to plaintiff's petition. The court sustained each of defendant's general demurrers, and, the plaintiff refusing to amend, her suit as to both parties was dismissed. From that judgment she prosecutes this appeal.

Omitting the formal parts of plaintiff's petition, it is alleged that plaintiff's residence and the residence of defendant J. C. Thompson is in Dallas county, and that the city of Dallas is a municipal corporation duly organized and existing under the laws of the state of Texas, and domiciled in Dallas county, Tex.; that on or about April 18, 1902, J. F. Zang was the owner of a tract or parcel of land out of the G. S. C. Leonard survey within the city of Dallas. The land is described by metes and bounds and as containing 366⁹⁰/₁₀₀ acres of land more or less, and that the deed is of record in Dallas county. The petition then alleges:

"3. That on or about October 25, 1904, the said J. F. Zang caused said land to be mapped and platted and the same filed in the office of the county clerk of Dallas county, Texas, among the deed records of said office and the same was thereon recorded in volume 1, page 75, of the said deed records.

"4. That on or about October 25, 1904, the said J. F. Zang by written instrument filed in the office of the county clerk of Dallas

county, Texas, at Dallas on April 28, 1905, and recorded in volume 1, page 75, of the deed records, of said office, gave and dedicated to the city of Dallas for the use and benefit of the public, the streets shown on said map and plat and gave and dedicated to the city of Dallas for park purposes the esplanade and parkway down the middle of Zang boulevard in said addition, map and plat, and the parkway then on each side of the sidewalks on said Zang boulevard together with the vegetation, shrubs, trees, improvements, pillars and other properties thereon and therein situated including those existing at the time of said dedication and conveyance and those placed thereon thereafter by himself and his vendees and the property owners abutting on Zang boulevard.

"5. That the said J. F. Zang, and his vendees to whom he and those claiming under him conveyed the real estate abutting on Zang boulevard and on said sidewalks and parkways and all the parties owning property abutting on said Zang boulevard and said parkway and those who acquired said property after said dedication, took said land with a right, interest, easement and title in and to the aforesaid property so dedicated, acquiring the legal right to said property along all of said streets remaining and being maintained for the purposes of said map, plat and dedication and became invested with a fee simple title to said rights running with the land abutting on said parkways, whether adjoining or abutting on the properties owned by them respectively or not.

"6. That this plaintiff, Mrs. Willie Kay Fall, by direct and mesne conveyance from said J. F. Zang and particularly by a deed of November 25, 1921, acquired a fee simple title to a portion of said land on said Zang boulevard abutting on said parkway and known as:

"All that certain lot, tract or parcel of land lying and being situated in the city and county of Dallas, state of Texas, and being a strip of ground twenty feet in width off of the entire south side of Lot No. 7 and a strip of ground 40 feet in width off of the entire north side of lot No. 8, in block "A" of Zangs Crystal Hill, an addition to the city of Dallas, according to the plat thereof, recorded in the office of the county clerk of Dallas county, Texas; which said conveyance and those hereinabove referred to vested in her a fee simple title and interest in and to said esplanade and parkways and sidewalks aforesaid together with the improvements thereon and the right to have said esplanade, sidewalks and parkways used only for the purposes set out in said dedication and to be maintained accordingly without being interfered with or said property and vegetation destroyed or without same being diverted to other and foreign purposes.

"7. That on or about March 1, 1930, the said defendant, J. C. Thompson willfully and maliciously and without the knowledge and consent of this plaintiff or the said City of Dallas or any other parties owning property thereon, wantonly and in utter disregard of her title and rights and the rights and titles of other property owners, entered upon said parkway on said Zang boulevard, and by himself and through his agents, employees and representatives, destroyed a pillar on said parkway of the value of $1,000.00 and destroyed vegetation on said parkway of the value of $100.00, by said acts marring the beauty of said premises and surroundings and of said boulevard generally, converting to his own use and benefit a portion of said parkway approximately twenty feet wide by fifty feet long off the extreme southwest end of Zang boulevard where it abuts on Davis street and diverted said property from the uses to which it had been dedicated and put it to another and different use covering the same with concrete, and appropriating it and laying claim to it as his own and ejecting all other parties including this plaintiff therefrom and from any use, right, title or privilege therein and from the maintenance of the same for the purposes for which it was dedicated to plaintiff's damage in the sum of $1,100.00 as aforesaid.

"8. That by reason of all of the foregoing acts of said defendant, J. C. Thompson, set out in the preceding paragraphs of this petition, the property of plaintiff adjoining said land on the north and west thereof had its market value decreased and diminished in the further sum of $1,000.00.

"9. That during the time that all of these wanton acts of destruction and conversion of said property by the said defendant, J. C. Thompson, plaintiff called upon the city of Dallas and urged it to protect her from the wrongful acts aforementioned and to prevent and aid her in preventing the said defendant J. C. Thompson from diverting said property from the uses and purposes for which it was dedicated and from carrying out his program of destruction and conversion, but said defendant, city of Dallas failed and refused and still fails and refuses to prevent same, but acquiesced in such wrongful acts, thereby becoming a party thereto and causing plaintiff the damage aforementioned.

"Wherefore plaintiff prays as in her original petition that upon a hearing hereof she have judgment against defendants for the amount of the above mentioned damage, with legal interest, reasonable attorney's fees and all costs of suit, together with such other and further relief, both general and special, which law, equity and the facts warrant."

### Opinion.

Appellant has one assignment of error, in which she submits error in sustaining defend-

ant's general demurrer, and under said assignment appellant presents one proposition of law, as follows:

"The purchaser of land for homestead purposes, which abuts on property dedicated to the use and benefit of the public acquires every right, title, interest, easement and privilege which her deed and the dedication plat represent as belonging to her, to the city and to the public, and any infraction or invasion of such is actionable."

Appellees file separate briefs. Appellee city of Dallas submits several counter propositions to the effect that appellant in her petition complaining of the municipality for failing and refusing to prevent alleged wrongful acts of another and its acquiescence in such wrongful acts states no cause of action, because a municipality is not liable for its acts of omission or commission in the protection of property, which, by its nature, is an essential governmental function; the petition fails to connect the city of Dallas with the alleged trespass either by alleging it authorized the acts complained of, or that said acts were committed by its officers or representatives acting within the scope of their authority; appellant, being an abutting owner upon Zang's boulevard, did not have title throughout its length, but only immediately adjacent to and in front of her lot.

The petition alleges no overt act of trespass on the part of the city, its agents or representatives, but only that of inaction in failing to protect appellant against the alleged wrongful act of J. C. Thompson.

It might be well to observe that the city of Dallas as a municipality functions in a dual capacity. It functions as an arm of the state in a governmental capacity, and also in a corporate capacity. The municipality, when acting in its governmental or sovereign capacity, does not submit its actions to the judgment of the courts, its actions in such capacity being for public purposes and exercised at its discretion. It is only where the municipality becomes and is acting, not through its public affairs as such, but acts as a corporation through agents as servants employed by it, that it can be held liable in damages to individuals for the manner of its exercise. In its second character mentioned, that is, in the doing of those things which relate to special or private corporate purposes, the corporation stands upon the same footing with a private corporation, and will be held to the same responsibility for injuries resulting from its negligence while acting within the scope of such municipal power. White v. City of San Antonio, 94 Tex. 313, 60 S. W. 426; Ostrom v. San Antonio, 94 Tex. 523, 62 S. W. 909; Green v. Amarillo (Tex. Civ. App.) 244 S. W. 241.

We have concluded that the matter about which the city of Dallas was requested to act, and about which it refused to act, was of a purely corporate character, and, if the allegations of the petition are such otherwise, as to state a cause of action against the city, in its corporate capacity, the demurrer should have been overruled as to the city.

Appellant alleges that she acquired title to her lot abutting on Zang boulevard by mesne conveyance from T. F. Zang; that Zang gave and dedicated to the city of Dallas, for the use and benefit of the public, the streets shown, and for park purposes the esplanade and parkway down the middle of Zang boulevard, together with the vegetation, shrubs, trees, improvements, pillars, and other properties thereon and therein situated, including those existing at the time of said dedication and conveyance and those placed thereon by himself and his vendees and the property owners abutting on Zang boulevard; that she, as an abutting landowner on Zang boulevard, sidewalk, parkways, and other owners of land similarly situated, took said abutting land with a right, interest, easement, and title to the property so dedicated whether adjoining or abutting on the properties owned by them respectively, or not. She then alleged that J. C. Thompson, without the knowledge and consent of herself, the city of Dallas, or any other parties owning property thereon, destroyed a pillar on said parkway of the value of $1,000 and vegetation on said parkway of the value of $100; that the destruction of said pillar and vegetation "marred the beauty of said premises and surroundings and said Boulevard generally, and converted to his use a portion of said parkway, stating the quantity and location, and thereby ejected all other parties including appellant, to appellant's damage in the sum of $1,100, as aforesaid; that by reason of said matters complained of the market value of appellant's adjoining land was decreased and diminished "in the further sum of $1,000.00." She prays that she have judgment against defendants "for the amount of the above mentioned damage," interest, etc., and general and special relief.

The only way she connects the city of Dallas and makes it liable for the damages complained of is that she alleges she "called upon the city of Dallas and urged it to prevent and aid her in preventing defendant J. C. Thompson from diverting said property from the uses and purposes for which it was dedicated, and from carrying out his program of destruction and conversion," and that the city failed and refused to prevent same, but acquiesced in such wrongful acts, thereby becoming a party thereto and causing to her the damages "aforementioned."

To say the least of it, the petition is uncertain and confusing both as to the amount of the damages claimed against the city and the items of damages. The destruction of

the pillar and vegetation and the conversion of a portion of the parkway was done without the knowledge and consent of the city, from which the damages apparently arose, and it seems that the only action the city thereafter could have taken when called upon by Mrs. Fall would be to prevent a further use by Thompson of the portion of the alleged converted parkway, but the damages sustained are not ascribed to the continued use by Thompson of such converted portion of the parkway.

Appellant does not sue for herself and other abutting property owners, but for herself only, while the dedication of the parkway, the pillar, and vegetation is alleged to have been made to the city for the use and benefit of the public and the abutting property owners on Zang boulevard.

■ The petition fails to connect the city of Dallas with the destruction of the pillar and vegetation or the conversion of the parkway either by alleging that the city authorized the acts of Thompson or that such acts were committed by its officers or representatives. Without some overt act on the part of the city doing or authorizing the doing of the acts complained of, the city would not be liable. City of Dallas v. Beeman, 12 Tex. Civ. App. 344, 34 S. W. 340; City of Galveston v. Brown, 28 Tex. Civ. App. 274, 67 S. W. 156; City of Corsicana v. White, 57 Tex. 382.

Appellant refers us to several cases as sustaining her contention. We have reviewed them, but we think they are not in point as to the suit against the city.

■ Much that is said above applies to the cause of action as to Thompson. Appellant's suit, as stated, is a suit for damages. The property destroyed, the pillar and vegetation, was not alleged to have been situated in that area immediately in front of nor adjoining her lot, but on property in front and adjacent to property of another.

All abutting property owners had, and have, a right in common with all other abutting property owners, and whatever affected one affected all alike. Here the matters complained of, the tearing down of the pillar and the destruction of the vegetation on the parkway on an abutting property, if a damage to other abutting property, in the absence of allegation in the petition showing that such damage is a special damage and peculiar to appellant's property only, such damage would be apportioned to all other similarly affected abutting property, and we think one abutting owner may not appropriate the entire damage. One case we have reviewed holds that a complaint for cutting trees on a highway should allege that plaintiff is the owner of the fee of the highway, and that the trees were on his side of it. Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; 29 C. J. p. 551, par.

266, note 20. It is said in Ruling Case Law, vol. 13, p. 131, par. 115: "The abutting fee owner has the title to the grass and herbage growing in the highway," and under note 10 refers to a number of cases as so holding. In the same volume, p. 132, par. 116, it is said: "The title to trees follows the fee ownership, so that when the abutter owns the fee to the highway he owns the trees on the part thereof adjoining his property, and also the shrubs, subject to the public use for the purposes for which the property was taken and incidental purposes, and the right of the public authorities to remove them if they obstruct the way or interfere with travel thereon. He has the right to cut them down or remove them," and refer in notes to a number of authorities as so holding.

At page 138, same volume, it is said: "Dedication of land for public purposes does not necessarily cut off the right of the fee owner as an abutter."

We have concluded that the court was not in error in sustaining the general demurrer as to both appellees.