JOHN H. WYNNE ET AL. V. CITY OF HOUSTON.

Application No. 14458.  Decided February 10, 1926.

(281 S. W., 544.)

1.—Cities—Restricted Residence Section—Covenants With Purchasers—
    Police Power—Fire Protection.

    Covenants with purchasers of lots created by the dedication of an addition to a city and by the conveyances of lots therein constituting it a restricted section for residential purposes only, with building regulations, will not be construed as limiting the police power of the State acting through the city so as to prevent the erection of a fire hall on lots within such residential district; nor, if so intended, could the powers of the city lawfully be so restricted. (P. 258.)

Application for writ of error to the Court of Civil Appeals for the First District in an appeal from Harris County.

The City of Houston appealed from an order of the District Court granting injunction against its erection of a fire hall. The judgment was reversed and the injunction dissolved (279 S. W., 916) whereupon appellees applied for a writ of error which is here refused in a memorandum opinion *per curiam.*

*Homer Stephenson,* for applicants.

On the question of the enforceability of such restrictive covenants, see: Wilson v. Gordon, 224 S. W., 703; Miller v. Babb, 263 S. W., 253; Pierson v. Cranfield, 272 S. W., 231; Hill v. Trigg, 272 S. W., 237; Duke of Bedford v. British Museum, 2 L. J. Ch. 129, 2 Myl. and K., 552, 7 Eng. Ch., 552; Sprague v. Kimball, 45 L. R. A. (N. S.) 963; Korn v. Campbell, 37 L. R. A. (N. S.) 27; Cotton v. Kresse, 49 L. R. A. (N S.) 537; Wood v. Lowrance, 149 S. W., 418; Lawrence v. Wood, 118 S. W., 551; Anderson v. Rowland, 44 S. W., 911; Harrison v. Boring, 44 Texas, 255; Knapp v. Hall, 20 N. Y. Supp., 42; Tallmadge v. East River Bank, 26 N. Y., 105; Vincent v. Bultman, 38 N. Y. S., 209; Pomeroy's Equity Jurisprudence, Vol. 4, Sec. 1075; Doerr v. Cobb, 123 S. W., 447; Co-Operative Vineyards Co. v. Ft. Stockton Irr. Lands Co., 158 S. W., 1191; Curlee v. Walker, 112 Texas, 40, 244 S. W., 497.

As to the nature of the right asserted by petitioners in the land upon which defendant in error City of Houston is seeking to construct a fire department under contract with one L. E. Menely, who has not appealed, see: Miller v. Babb, 263 S. W., 253; Pierson v. Cranfield, 272 S. W., 231; Parsons v. Hunt, 98 Texas, 420; Curlee v. Walker, 112 Texas, 40; Hill v. Trigg, 272 S. W., 237; West v. Giesen, 242 S. W., 312; Settegast v. Foley Bros. Dry Goods Co., 270 S. W., 1014; Allen v. Detroit, 36 L. R. A. (N. S.) 890, 167 Mich. 464, 133 N. W., 317; Flynn v. New York Ry Co., Ann. Cas. 1918-B, 588, 112 N. E., 913; Spann v. City of Dallas, 111 Texas, 350, 235 S. W., 513, 19 A. L. R., 1378; Kansas City v. Liebi, 253 S. W., 417; State Ex Rel. Penrose Inv. Co. v. McKelvey, 256 S. W., 474; Allen v. Wayne, 124 N. W., 581; Peters v. Buckner, 232 S. W., 1024, 17 A. L. R., 554; 10 Ruling Case Law, "Eminent Domain," Secs. 65 and 122; see also Sec. 193, Id.; Boerno v. McFarlane Real Estate Co., 114 S. W., 531; 9 Ruling Case Law, Sec. 7, page 740; Smith v. Garbe, 136 Am. St. Rep., 683; Herrick v. Marshall, 46 Me., 435; Whitney v. Union Railway Co., 11 Gray, 359, 365, 71 Am. Dec. 715; Pitkin v. L. I. R. R. Co., 47 Am. Dec., 320; 136 Am. St. Rep. 683, 684; German, etc.

Loan Co. v. Gordon, 26 L. R. A. (N. S.) 531; Hayes v. Morley, 27 Atl., 648; Trout v. Lucas, 35 Atl., 153; Ladd v. Boston, 151 Mass., 585, 21 Am. St. Rep. 481, 24 N. E., 858; Bank of Hoxey v. Merriweather, 265 S. W., 642; 15 C. J. Sec. 15, page 1240; Riverbank Imp. Co. v. Chadwick, L. R. A. 1918-B, 55; Peck v. Conway, 119 Mass., 546, 549; Beals v. Case, 138 Mass., 138, 140; Codman v. Bradley, 201 Mass., 361, 368; Evans v. Ross, 194 Mass., 513, 9 L. R. A. (N. S.) 1039; Childs v. Boston & M. R. Co., 213 Mass., 91, 48 L. R. A. (N. S.), 378; Bailey v. Agawam National Bank, 190 Mass., 20, 3 L. R. A. (N. S.), 98 112 Am. St. Rep., 296; Speague v. Kimball, 213 Mass., 380, 382, 45 L. R. A. (N. S.), 962; Parker v. Nightingale, 6 Allen, 241, 83 Am. Dec., 632; Linzes v. Mixer, 101 Mass., 513; Wilson v. Mass. Ins. Co., 188 Mass., 565; Stewart v. Finkelstone, 206 Mass., 28, 28 L. R. A. (N. S.) 634, 138 Am. St. Rep. 370; Lodge v. Swampscott, 216 Mass., 260, 103 N. E., 635; Pomeroy's Equity Jurisprudence, Vol. 4, Pages 3955, 3970, especially Section 1694; Jones on Easements—The Law of Real Property (1998) p. 82, et seq., Secs. 104-117, inclusive.

On question of taking land in which parties have vested rights and restrictive covenants by corporations with right of eminent domain without payment in advance: United States Constitution, 5th Amendment; Texas Constitution, Art. 1, Sec. 13; Id., Art. 1, Sec. 16; Id., Art. 1, Sec. 17; Id., Art. 1, Sec. 19; R. S. Art. 1096-d; Prairie Pipe Line Co. v. Shipp, 267 S. W., 447; City of Amarillo v. Tudod, 267 S. W., 697; Ft. Worth Ry Co. v. Queen City Ry. Co., 71 Texas, 765; Peters v. Buckner, 232 S. W., 1024, 17 A. L. R., 554; Flynn v. N. Y. R. R. Co., Ann. Cas. 1918-B, 588; Ladd v. Boston, 151 Mass., 585, 21 Am. St. Rep. 481; Allen v. City of Detroit, 36 L. R. A. (N. S.) 890, 177 Mich. 464; Hayes v. Morley, 27 Atl., 648; Johnston v. Lake Drummond, etc. 99 S. E., 771; Allen v. Wayne, 124 N. W., 581; Kansas City v. Liebi, 252 S. W., 417; H. & T. C. v. Odum, 53 Texas, 533; McCammon Lbr. Co. v. Ry. Co., 33 S. W., 247; Stevens v. City of Dublin, 169 S. W., 188; State Ex Rel. Penrose v. McKelvey, 256 S. W. 474; State v. Ex Rel., etc. 3 A. L. R., 585, 176 N. W., 159; Herr v. Board of Education, 82 N. J. L., 610. 83 Atl., 173.

As to difference between damages and depriving one of easement rights by taking of adjoining property in which easement rights exist, see: Leahy v. N. Y. W. & B. Ry. Co., 169 N. Y. S., 1101; 10 R. C. L. Sec. 58; Id., Sec. 64; and Id., Secs. 122 and 190; 9 Ruling Case Law, Sec. 7, page 420 and Note 3 thereunder; Whitney v. Union R. Co. 11 Gray, 359 to 365; Pitkin v. Long

Island R. R. Co., 47 Am. Dec., 320; Lewis' Lectures on Real Estate (1925) pages 19-21.

PER CURIAM: In our opinion the covenants in the dedication and in the deeds cannot be construed as intended to in any wise limit or affect the police power of the State acting through the city. For that reason the purchasers of lots acquired no interest not subordinate to the right of condemnation exercised in this case for the protection of the persons and properties of the inhabitants of the City against fire.

The property embraced in the Eastwood Addition is necessarily in the City of Houston and subject to the lawful exercise of all governmental power and no valid contract could be made which would restrict the right on the part of the municipal authorities to exercise the police power of constructing and maintaining fire stations, and the contracts in this case cannot be properly construed as having the purpose to set aside, nullify, or prevent the exercise of governmental authority.

It follows that the proper judgment was rendered by the Court of Civil Appeals and the application for writ of error is refused.