## RAILROAD COMMISSION OF TEXAS et al. v. PETERSON.

### No. 8638.

Court of Civil Appeals of Texas. Austin.

July 14, 1937.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

Felts, Wheeler & Wheeler, of Austin, for appellee.

BLAIR, Justice.

This is a companion case to Railroad Commission et al. v. Bates, 108 S.W.(2d) 286, this day decided by this court. The parties have agreed that the controlling issues of law and fact are the same, and copies of the briefs in the Bates Case have been filed as the briefs in the instant case. Suffice it to say here that appellee M. L. Peterson alleged in substance that he was engaged prior to the effective date of the Federal Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327, in transporting interstate commerce exclusively, and particularly fruits, vegetables, celery, lettuce, berries, and other products raised in Texas and the southwest, and in old Mexico, by some eight motortrucks over the highways of Texas, and being engaged exclusively in foreign and interstate commerce; that he filed his application with the I. C. C. within the time and in accordance with the terms of the act, for a certificate of convenience and necessity, which had been heard but had not been finally passed upon, and that he was under the terms of the act entitled to continue his operation until final action on his application; that he had complied with all laws of Texas with respect to the size and weight of vehicles used, proper safety lights and appliances, and had furnished all character of insurance required by the State of Texas; but notwithstanding these facts appellants had arrested him and his truck drivers, and were threatening to continue to arrest them, unless appellee obtained a certificate of convenience and necessity from the Railroad Commission of Texas, to the irreparable injury of appellee's business; and he prayed for a temporary injunction to be made permanent upon final hearing. Appellee's pleadings were duly verified, and after notice a temporary injunction was granted on the facts alleged, appellants not having filed an answer, nor controverted the facts in any manner.

The order or judgment of the trial court appealed from will be affirmed upon the authority of the decision of this court in the Bates Case, supra.

Affirmed.