**WINTON v. THOMPSON et al.**

No. 8672.

Court of Civil Appeals of Texas. Austin.

Dec. 14, 1938.

Rehearing Denied Jan. 25, 1939.

Felts, Wheeler & Wheeler, of Austin, for appellant.

Wm. McCraw, Atty. Gen., and Albert G. Walker, Asst. Atty. Gen., for appellees.

McCLENDON, Chief Justice.

This case involves the sole question whether the Texas Motor Carriers Law (R.C.S. Art. 911b, Vernon's Ann.Civ.St. art. 911b) in so far as it requires motor carriers (contract or common) of freight for hire over Texas state highways to obtain a certificate or permit from the Railroad Commission before engaging in such business, has been superseded, as regards interstate carriers, by the Federal Motor Carrier Act of 1935, 49 U.S.C. § 306, 49 U.S.C.A. § 306. It is not contended by the Railroad Commission that, in passing upon an application for such permit, it has jurisdiction "to determine whether there exists a public need and a public convenience for such interstate commerce." But the Commission does contend that the Federal Act does not deprive it of jurisdiction "to determine whether the safety of the traveling public and the preservation of its own property in its highways will permit any additional burdens of commerce upon and over such highways, irrespective of whether such burdens result from interstate or intrastate commerce thereon." Railroad Commission v. Southwestern Greyhound Lines, Tex.Civ.App., 92 S.W.2d 296, 300.

The question here presented has been considered in a number of decisions, state and federal, and was finally determined in favor of the Commission's contention in McDonald v. Thompson, 59 S.Ct. 176, 83 L.Ed. —, decided by the Supreme Court of the United States on December 5, 1938, Mr. Justice Butler delivering the opinion of the court.

The only factual difference between the case at bar and the McDonald Case is that McDonald applied to the Railroad Commission for a certificate which was "denied on the ground that the proposed operations would subject the highways

named in it to excessive burden and endanger and interfere with ordinary úse by the public," [page 178] whereas Winton has never made application to the Commission for a certificate or permit, and the Commission has therefore had no opportunity to pass upon these questions. As in the McDonald Case, Winton claimed the right to operate under the "grandfather clause" of the Federal Act, and had continuously operated since 1934 under successive injunctions against the Commission, issued out of the 77th Judicial District Court of Limestone County, up to the date this suit was filed, May 9, 1936. According to his testimony, whenever the appellate court dissolved an injunction he would transfer his trucks to some other person, procure another injunction in the name of such person, and give each of his truck drivers a certified copy of such injunction to prevent molestation by state enforcement officers. The present suit was for a temporary and permanent injunction. The former was granted, but dissolved upon final hearing and permanent injunction was denied.

After McDonald's application for certificate was denied, and his appeal from the Commission order was overruled (Railroad Commission v. McDonald, Tex.Civ. App., 90 S.W.2d 581), he obtained an injunction against interference with his business by the Commission from the Federal District Court for the Northern District of Texas. In an appeal by the Commission to the Federal Circuit Court of Appeals for the Fifth Circuit, that decree was reversed and the injunction dissolved. Thompson v. McDonald, 95 F.2d 937. The Supreme Court of the United States affirmed that decision. McDonald v. Thompson, supra. The gist of that decision is embraced in the following quotation from Mr. Justice Butler's opinion: "The expression, 'in bona fide operation' [in the Federal Act], suggests absence of evasion, excludes the idea that mere ability to serve as a common carrier is enough, includes actual rather than potential or simulated service, *and in context implies recognition of the power of the State to withhold or condition the use of its highways in the business of transportation for hire. Plainly the proviso does not extend to one operating as a common carrier on public highways of a State in defiance of its laws.*" (Italics supplied.)

The power of the state to deny the use of its highways to interstate motor traffic for hire "on the ground that the proposed operations would subject the highways named in" the application for permit or certificate "to excessive burden" or "endanger and interfere with ordinary use by the public," includes as a necessary or appropriate incident thereto the power to prescribe reasonable rules and regulations whereby to determine in each instance whether the proposed additional burden is excessive in the named respects. Granted the power of the state to deny the use of its highways to the stated traffic upon the stated grounds, no serious question as to the power to require application to the Commission for a certificate or permit is presented.

Invoking the general rule that "courts of a state have a right to place their own construction upon their statutes," appellant contends that we are not bound by the above Federal decisions; asserting that our Supreme Court in Southwestern Greyhound Lines v. Railroad Commission, 128 Tex. '560, 99 S.W.2d 263, 109 A.L.R. 1235, and this court in Railroad Commission v. Bates, 108 S.W.2d 286; Railroad Commission v. Futch, 108 S.W.2d 289; Railroad Commission v. Peterson, 108 S.W.2d 289; Railroad Commission v. Williams, 108 S.W.2d 290, have held contrary to the Federal holdings. It is not necessary to consider the extent of the holding in the Greyhound Case, òr the correctness of our interpretation thereof in the other cases cited. The rule invoked by appellant has no application here. The cited decisions did not purport to construe our state statute. The point there for decision was whether our statute was superseded in the named respect by the Federal Act. The holdings in those cases were predicated upon a construction of an act of Congress—not a state statute. The construction placed by the Supreme Court of the United States upon an act of Congress is binding alike upon state and federal courts. 25 C.J., p. 687, § 1; 15 C.J., p. 1153, § 633; 27 R.C.L., p. 5, § 1.

The trial court's judgment is affirmed.

Affirmed.