## RICHARDSON et al. v. HURLEY.

### No. 2163.

Court of Civil Appeals of Texas. Waco.

March 2, 1939.

Rehearing Denied April 13, 1939.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and Geo. P. Kirkpatrick, Asst. Attys. Gen., for appellants.

Phinney & Hill, of Dallas, for appellee.

PER CURIAM.

This is an appeal from an order of the trial court granting a temporary injunction on an ex parte hearing. O. S. Hurley sued the Public Safety Commision of the state of Texas, W. H. Richardson, Jr., as chairman thereof, and various other officers and employees of the Department of Public Safety, and others to restrain them from enforcing what is known as the Motor Truck Law of the state of Texas. The plaintiff alleged, in substance, that he was engaged in purchasing fruit and vegetables at various points in and out of the state of Texas and particularly in the Rio Grande Valley district of the state and transporting same by motor vehicles over the public highways of the state to Dallas and Fort Worth and other various cities in the state for sale; that the Public Safety Department of the state and its officers and employees, in an attempt to enforce the provisions of the Motor Truck Law, were pursuing the practice of arresting all drivers of trucks where the weight of the net load carried thereon was in excess of 7000 pounds, and that said employees were annoying the drivers of the trucks by stopping and weighing such trucks, both when they were empty and when they were loaded, and when it was found that said trucks contained more than 7000 pounds net load, the defendants would unload so much thereof as was necessary to reduce the weight of the load to 7000 pounds; that as a result the fruit, which was so unloaded, often spoiled. They alleged that the conduct of

the defendants was destroying the business of the plaintiff and that if allowed to continue, it would result in irreparable injury to the plaintiff. The trial court entered an order restraining the defendants from stopping and weighing trucks operated by the plaintiff over the public highways of the state, unless the defendants believed that said trucks were carrying loads in excess of 14,000 pounds. The defendants were especially enjoined from weighing such trucks when they were empty and from themselves unloading any cargo being transported by the plaintiff. The defendants were also enjoined from stopping and weighing trucks operated by the plaintiff or his drivers and from arresting and prosecuting such drivers where the driver of any of such trucks hauling the same load on the same vehicle on the same continuous route had theretofore been convicted and had paid a fine for operating the same vehicle carrying the same load on the same continuous route over the public highways of the state. The defendants perfected an appeal to this court within the statutory period.

On March 1, 1939, in the case of State v. Ferguson, State of Texas v. Hon. H. F. Kirby, District Judge et al., 125 S.W.2d 272, the Supreme Court had before it the question of the validity of a temporary restraining order issued by the trial court on a similar state of facts. It was there held that the restraining order was entirely void. Based on that decision, the judgment of the trial court is reversed and the restraining order is dissolved.