## THOMPSON et al. v. KORUS.
### No. 10486.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 21, 1939.

———◇———

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Asst. Atty. Gen., for appellants.

Ross Hardin, of Prairie Hill, and Doss Hardin, of Waco, for appellees.

## RICHARDSON et al. v. BIRD BROS. et al.
### No. 2192.

Court of Civil Appeals of Texas. Waco.
March 2, 1939.

PER CURIAM.

This is an appeal from an order of the trial court entered on February 11, 1939, granting a temporary restraining order. Bird Bros., and several other plaintiffs, sued the Public Safety Commission of the state of Texas, W. H. Richardson, Jr., as chairman thereof, and various other officers and employees of the Department of Public Safety, and others to restrain them from enforcing what is known as the Motor Truck Law of the State of Texas. The plaintiffs alleged, in substance, that they were engaged in purchasing fruit and vegetables at various points in and out of the state of Texas and particularly in the Rio Grande Valley district of the state and transporting same by motor vehicles over the public highways of the state to Dallas and Fort Worth and other various cities in the state for sale; that the Public Safety Department of the state and its officers and employees, in an attempt to enforce the provisions of the Motor Truck Law, were pursuing the practice of arresting all drivers of trucks where the weight of the net load carried thereon was in excess of 7000 pounds, and that said employees were annoying the drivers of the trucks by stopping and weighing such trucks, both when they were empty and when they were loaded, and when it was found that said trucks contained more than 7000 pounds net load, the defendants would unload so much thereof as was necessary to reduce the weight of the load to 7000 pounds; that as a result the fruit, which was so unloaded, often spoiled. They alleged that the conduct of the defendants

was destroying the business of the plaintiffs and that if allowed to continue, it would result in irreparable injury to the plaintiffs. Upon presentation of the sworn petition, the trial court entered an order temporarily restraining the defendants from stopping and weighing trucks operated by the plaintiffs over the public highways of the state, unless the defendants believed that said trucks were carrying loads in excess of 14,000 pounds. The defendants were especially enjoined from weighing such trucks when they were empty and from themselves unloading any cargo being transported by the plaintiffs. The defendants were also enjoined from stopping and weighing trucks operated by the plaintiffs or their drivers and from arresting and prosecuting such drivers where the driver of any of such trucks hauling the same load on the same vehicle on the same continuous route had theretofore been convicted and had paid a fine for operating the same vehicle carrying the same load on the same continuous route over the public highways of the state. The court set the hearing on the application for temporary injunction for April 29, 1939. The defendants appealed.

On March 1, 1939, in the case of State of Texas v. Hon. H. F. Kirby, District Judge et al., 125 S.W.2d 272, the Supreme Court had before it the question of the validity of the restraining order issued by the trial court in this cause, and it was there held that said order was entirely void. Based upon that decision, the judgment of the trial court is reversed and the restraining order is dissolved.