## SMITH et al. v. KEELE.

### No. 2198.

Court of Civil Appeals of Texas. Waco.

April 20, 1939.

Rehearing Denied May 11, 1939.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus and Glenn R. Lewis, Asst. Attys. Gen., for appellants.

Carter & Garonzik and Howard Barker, all of Dallas, for appellee.

GEORGE, Justice.

The controlling propositions in this case are (1) whether the order of the trial judge is in effect and in fact a temporary injunction from which an appeal lies; and (2) whether the Texas Motor Carriers Law of 1929, as amended in 1931, Vernon's Ann.Civ.St. art. 911b, insofar as it requires motor carriers of freight for hire in interstate commerce over Federal aided Texas highways to obtain a certificate or permit from the Railroad Commission be-

fore engaging in such business, has been superseded by the Federal Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq.

Appellee has filed in this court a motion to dismiss the appeal on the ground that the order embodied in the fiat amounts only to a temporary restraining order and says that therefore no appeal lies therefrom. The Honorable H. F. Kirby, judge of the 77th Judicial District Court of Freestone County, Texas, on February 25, 1939, without notice to and hearing of appellants, upon appellee's verified petition being presented to him, entered his fiat, reading, in part, as follows:

"To the District Clerk of Freestone County, Texas:

"* * * You are hereby ordered and directed to issue a temporary restraining order to said defendants, and each of them, restraining said defendants, their agents, servants and employees from causing, either directly or indirectly, or in any way the molestation, arrest or interference with the plaintiff and his trucks and truck drivers and employees while engaged in interstate commerce over the highways of the State of Texas, * * * such temporary restraining order to remain in full force and effect until changed by further order of this Court. You will further notify said defendants, and each of them, to appear in this Court on the 1st day of May, 1939, at 9:00 A. M. to show cause, if any they have, why this temporary restraining order should not be made into a temporary injunction pending a final hearing in this cause."

The pertinent provisions of appellee's prayer are: "Wherefore, premises considered, plaintiff prays that this honorable court issue a temporary restraining order restraining the defendants individually and in their official capacities, their agents, servants and employees from causing, either directly or indirectly, or in any way the molestation or arrest or interference with the plaintiff and his drivers and trucks, and from in any way restraining or interfering with the operation of any trucks belonging to plaintiff while engaged in interstate commerce and especially while engaged in interstate commerce over the highways of the State of Texas * * * and that a hearing be had and a temporary injunction decreed with like restraint against said defendants and their agents, servants and employees, and upon a final hearing hereof that said temporary injunc-

tion be made permanent, for costs of court and such other and further relief * * *."

We have this day in the case of Lon A. Smith v. Ben Coleman, 127 S.W.2d 928, held such an order to be a temporary injunction from which an appeal lies under the provisions of Art. 4662, Revised Civil Statutes.

Appellee alleged that he was engaged exclusively in the transportation of property moving in interstate commerce; that he had been in bona fide operation under the Federal Motor Carrier Act of 1935 continuously since June 1, 1935; that he, within 120 days after October 1, 1935, made application to the Interstate Commerce Commission for a certificate of public convenience and necessity; that Joint Board No. 77, on or about March 1, 1937, found appellee in bona fide operation as of June 1, 1935, and recommended that he be granted a certificate of public convenience and necessity over certain routes; that in any event he was in actual operation on October 1, 1935, the effective date of the Federal Motor Carrier Act; and that he is entitled to continue such interstate operations until otherwise ordered by the Interstate Commerce Commission, and that no such order has been issued by the Commission. But appellee does not allege that he has obtained or made any effort to obtain either a certificate or a permit from the Railroad Commission of Texas. We have also on this day in the case of Lon A. Smith v. Ben Coleman, 127 S.W.2d 928, held that the Federal Motor Carrier Act does not deprive the Railroad Commission of the jurisdiction and power to determine whether the safety of the traveling public and the preservation of the state's property in the highways will stand any additional burdens of commerce upon and over such highways irrespective of whether such burdens result from interstate or intrastate commerce thereon.

Appellee does not allege facts showing a right in himself to the use of the Federal aided Texas highways for the transportation of property moving in interstate commerce for hire; and consequently, he is not entitled to an injunction protecting him while so doing.

Inasmuch as the judgment of the trial court must be reversed and the injunction dissolved, all costs, including those incurred in the lower court as well as on appeal, will be adjudged against the appellee and the sureties on his injunction bond under the provisions of Revised Civil Statutes, art. 4649.

The judgment of the trial court is reversed and the injunction is dissolved.