**RAILROAD COMMISSION OF TEXAS et al. v. FISHER.**

No. 2207.

Court of Civil Appeals of Texas. Waco.

April 20, 1939.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and Geo. W. Barcus, Asst. Attys. Gen., for appellants.

Brownlee, Sanderford & Duggan, of Austin, for appellee.

ALEXANDER, Justice.

This is an appeal from a ruling of the trial court granting a temporary injunction. The plaintiff Lon D. Fisher sued the Railroad Commission of Texas and the individual members thereof and the sheriff of Limestone county and "all other peace officers of the state of Texas" and alleged, in substance, that he had been engaged in the operation of motor trucks in the transportation of interstate commerce over the highways of this state since prior to the year 1935; that in 1935 he applied to the Railroad Commission of Texas for a permit to so operate his motor trucks in the transportation of interstate commerce over the highways of this state; that at that time the permit was refused because the Commission was without jurisdiction to do so but since that time he had filed a new application for a permit which had not yet been acted on; and that prior to February 12, 1936, he had applied to the Interstate Commerce Commission for a certificate of convenience and necessity authorizing him to operate as a Common Carrier Motor Carrier transporting goods in interstate commerce under what is known as the Federal Motor Carrier Act of 1935, 49 U. S.C.A. § 301 et seq., and that said application is now pending before said Interstate Commerce Commission. He alleged that the defendants were arresting his truck operators and otherwise molesting them and prayed for a temporary injunction restraining the defendants from arresting his drivers and otherwise interfering with his business. The trial court upon presentation of the petition on the 20th day of March 1939, granted a temporary injunction as prayed to remain in force until final termination of the cause. The defendants appealed.

■ It is appellee's contention that since he has been engaged in operating motor vehicles in the transportation of interstate commerce for hire over the highways of the state since prior to 1935 and now has pending before the Interstate Commerce Commission an application for a certificate of convenience and necessity to so engage in the transportation of interstate commerce that he is entitled to continue to operate so long as said application is pending before

and has not been acted on by the Interstate Commerce Commission. We cannot sustain this contention. Since appellee concedes in his petition that he has never had a certificate of convenience and necessity from the Railroad Commission of Texas authorizing him to use the highways of the state for the transportation of freight for hire, he could not have been engaged in bona fide operations within the meaning of the Federal Motor Carrier Act at the time that Act went into effect and is therefore not entitled to the benefits thereof. McDonald v. Thompson, 59 S.Ct. 176, 83 L.Ed. ——. See also Winton v. Thompson, Tex.Civ. App., 123 S.W.2d 951, writ refused. Since appellee does not have a certificate of convenience and necessity from either the Interstate Commerce Commission or the Railroad Commission of Texas and was not engaged in the bona fide operation as such carrier prior to 1935, he does not now have a right to use the Texas highways for the transportation of freight for hire. Consequently, he is not entitled to an injunction restraining the officers of this state from arresting him and his employees for doing so.

It is further contended that the order here sought to be reviewed is a temporary restraining order distinguishable from a temporary injunction, and that as a consequence, no appeal will lie therefrom. The order of the trial court restrained the defendants from arresting the appellee and his drivers while operating his motor trucks in the transportation of freight for hire over the Texas highways, was issued on March 20, 1939, and by its terms provided "that the injunction herein granted to remain in full force and effect until final termination of this cause." The next term of court to which the return was made returnable will convene on the first Monday in June, 1939. Very clearly this is a temporary injunction subject to review by appeal as provided in Revised Statutes, art. 4662. Railroad Commission of Texas v. A. E. McDonald Motor Freight Line, Inc., Tex.Civ.App., 127 S.W.2d 932 (April 20, 1939); Barkley v. Conklin, Tex.Civ.App., 101 S.W.2d 405; Speed v. Keys, Tex.Civ. App., 110 S.W.2d 1245; Richardson v. Martin, Tex.Civ.App., 127 S.W.2d 247 (March 30, 1939); Richardson v. Bird Bros., Tex. Civ.App., 125 S.W.2d 1078 (March 2, 1939); Richardson v. Hurley, Tex.Civ.App., 126 S.W.2d 1001 (March 2, 1939); Lon A. Smith v. Ben Coleman, Tex.Civ.App., 127 S.W.2d 928 (April 20, 1939); Lon A. Smith v. W. B. Keele, Tex.Civ.App., 127 S.W.2d 926 (April 20, 1939); Railroad Commission of Texas v. Real, Tex.Civ. App., 80 S.W.2d 494; Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364.

Since the judgment of the trial court must be reversed and the injunction dissolved, all costs, including those in the lower court and on appeal, will be adjudged against the appellee and the sureties on his injunction bond as provided in Revised Statutes, art. 4649.

The judgment of the trial court is reversed and the injunction is dissolved.