**RAILROAD COMMISSION et al. v.
LOVING et al.**

No. 2214.

Court of Civil Appeals of Texas. Waco.

May 18, 1939.

Gerald C. Mann, Atty. Gen., and Cecil C. Cammack, Geo. W. Barcus, and Glenn R. Lewis, Asst. Attys. Gen., for appellants.

W. V. Geppert, of Teague, for appellees.

GEORGE, Justice.

This is an appeal by the Railroad Commissioners and the Railroad Commission of Texas from an order of the judge of the 77th Judicial District Court of Texas, overruling motion to dissolve temporary injunction theretofore granted, and continuing such temporary injunction in force.

The suit was instituted in the 77th Judicial District Court, Freestone county, by W. A. Loving and Carolyn Loving, partners, against Ernest O. Thompson, C. V. Terrell and Lon A. Smith in their official capacity as Railroad Commissioners of Texas, and the Railroad Commission of Texas. The material averments of the bill of complaint are: (1) that plaintiffs reside in Oklahoma City, Oklahoma, and that the defendants and each of them reside in Travis county, Texas; (2) that plaintiffs are the owners of several trucks and are engaged in the transportation of freight moving in interstate commerce for hire; (3) that plaintiffs have a permit from the Interstate Commerce Commission authorizing them to haul and transport freight to and from the states of Texas and Oklahoma; (4) that plaintiffs, after securing the Federal permit and being by virtue thereof entitled to have the Railroad Commission of the state of Texas issue to them as a matter of right a certificate of public convenience and necessity to operate their trucks in the transportation of freight for hire, made application to the Railroad Commission for a certificate of public convenience and necessity and that the defendants, without duly considering same, arbitrarily and unreasonably refused to grant such application; (5) that the defendants have threatened and will, unless restrained, interfere with the operation of plaintiffs' trucks while engaged in the transportation of freight for hire under the permit of the Interstate Commerce Commission; and (6) that plaintiffs have property rights in such trucks, such business and permit and that they will be deprived of their property rights therein and will suffer

irreparable loss and injury unless the defendants are restrained from molesting and interfering with the operation of their trucks, and that they have no adequate remedy at law.

The trial court, on the 1st day of August, 1938, after hearing, granted a temporary injunction enjoining and restraining, until further orders of the court, the Railroad Commission of Texas, C. V. Terrell, Ernest O. Thompson and Lon A. Smith, members thereof, Mark Marshall, director of the Motor Transportation Division of the Railroad Commission, Walton B. Hood, law enforcement officer of the Railroad Commission, H. H. Carmichael, Director of the Department of Public Safety of the state of Texas, the employees, agents and servants of each and all of the above named parties, and all law enforcement officers of the state of Texas, from in any manner interfering with the operation of W. A. Loving and Carolyn Loving, their drivers, servants and employees in the transportation of merchandise and freight moving in interstate commerce for hire by motor vehicles over the highways of the state of Texas, and from arresting or threatening to arrest or in any wise molesting the Lovings and their drivers and from tying up their trucks and delaying the delivery of their cargoes and from in any way molesting and hindering the Lovings and their drivers in traveling over the various highways of the state of Texas in the transportation of merchandise for hire, and in assembling and concentrating their merchandise for shipment, making delivery thereof and doing any and all things necessary to carry on their business, etc., but in the order provided that same should not have the force and effect of interfering with appellants or any of the peace officers of the state of Texas in enforcing any of the police regulations of the state applicable to trucks using the highways of the state, save and except that which required appellees to have and to hold a certificate or permit from the Railroad Commission of Texas authorizing the use of the roads and highways of the state in the transportation of freight moving in interstate commerce for hire by motor vehicles. The only evidence offered upon the hearing of the motion to dissolve was the Lovings' verified bill of complaint and the agreed stipulation that neither the Lovings nor their predecessors in interest ever had on the 1st day of June, 1935, or at any other time prior or subsequent thereto, including the time of the filing of the petition, a certificate of convenience and necessity or any other authority from the Railroad Commission of Texas authorizing them or either of them to operate as a common carrier motor carrier or as any other carrier for hire over the roads and highways of the state of Texas, and that the Lovings were operating their trucks in the transportation of freight moving solely in interstate commerce.

The appeal from the order of the court refusing to dissolve the temporary injunction and continuing same in force and effect brought both the order granting the injunction and the order overruling the motion to dissolve before this court for review. City of Houston v. Wynne, Tex. Civ.App., 279 S.W. 916, writ refused, Wynne v. City of Houston, 115 Tex. 255, 281 S.W. 544.

A cursory reading of the petition and orders discloses the fact that the relief granted is neither authorized by the allegations of the petition nor supported by the evidence. The Railroad Commission and its members are the only ones who were made parties to the suit and are the only ones against whom any complaint whatsoever was made. The only complaint made against them was that they arbitrarily refused to grant as a matter of right the application for a certificate of public convenience and necessity authorizing the use of the state's highways for the transportation of freight moving in interstate commerce for hire and that they will interfere with the operation of the Loving trucks while so engaged.

If the Railroad Commission of Texas acted arbitrarily with reference to appellees' application for a permit or certificate of public convenience and necessity authorizing the use of the state's highways for the transportation of freight moving in interstate commerce for hire. Article 911b, Vernon's Ann.Civ.St., provided to appellees an adequate remedy by way of appeal to any one of the district courts of Travis county, Texas. It is apparent from an examination of their bill of complaint that this action is neither an appeal nor an attempt to appeal from the order of the Railroad Commission refusing to issue to them a permit or certificate of public convenience and necessity after proper showing on hearing of application therefor, because no facts were alleged showing a right in appellees to

use the highways of the state of Texas, that the Railroad Commission had acted arbitrarily in denying them a permit or certificate to use the highways for the transportation of freight for hire, and because no revision of such order was sought.

It has been determined in the cases of Winton v. Thompson, Tex.Civ. App., 123 S.W.2d 951, and Lon A. Smith v. Ben Coleman, Tex.Civ.App., 127 S.W.2d 928, that the Federal Motor Carrier Act, 49 U.S.C.A. § 301 et seq., does not deprive the Railroad Commission of Texas of jurisdiction and power to determine whether the safety of the traveling public and the preservation of the state's property in its highways will stand any additional burden of commerce upon and over said highways, irrespective of whether such burdens result from interstate or intrastate commerce thereon. Furthermore, it is manifest that this is not an attack on either Article 911b, Vernon's Annotated Civil Statutes, or any penal statute relating to motor carriers of freight for hire and their use of the public highways, on the ground that they are unconstitutional and void, for the reason no facts were alleged showing wherein any of said statutes are unconstitutional and that their enforcement constitutes a direct invasion of a vested property right in appellees. Appellees admit that they have no permit or certificate from the Railroad Commission of Texas authorizing them to use the state highways in the transportation of freight for hire and they have not set forth in their petition facts tending to show that their proposed use of any of the state highways would not put an undue burden upon the structure of the highways and that the preservation of the highways would not be materially affected by such use and that the safety of the public would not be unreasonably endangered, etc. Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294.

The order covers the entire state, all highways therein, and all of the peace officers thereof. The obvious purpose of the order and its actual effect is to enjoin the Railroad Commission of Texas, its members, and all of the peace officers of the state from enforcing or attempting to enforce certain provisions of the penal statutes relating to motor carriers of freight for hire and their use of the public highways, and to suspend the operation of such provisions of those statutes as

to the Lovings. This, the trial court was without jurisdiction and authority to do. Sec. 28, Art. 1, State Constitution, Vernon's Ann.St.; State v. Ferguson (State v. Kirby), Tex.Sup., 125 S.W.2d 272.

The orders of the trial court overruling motion to dissolve temporary injunction and granting temporary injunction are reversed and judgment is here entered dissolving temporary injunction.