

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 13, 2004

Mr. J. Paul Johnson, Chair
Board of Regents
Texas Southern University
3100 Cleburne Avenue
Houston, Texas 77004

Opinion No. GA-0249

Re: Whether certain deed restrictions apply to property owned by Texas Southern University, on which the university is constructing privatized student housing  (RQ-0199-GA)

Dear Mr. Johnson:

On behalf of Texas Southern University (the "University"), your general counsel has asked whether certain deed restrictions apply to University-owned property, on which the University is constructing privatized student housing.[1]

We understand that the University acquired property in the Tierwester Oaks subdivision within the City of Houston through purchase and condemnation.[2] The property appears to be subject to deed restrictions filed in Harris County with the Tierwester Oaks subdivision plat, including restrictions upon apartment construction within the subdivision.[3] We limit our response to restrictions on property acquired by a governmental entity by purchase or condemnation.

---

[1]*See* Letter from Lynn Rodriguez, General Counsel, Texas Southern University, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General's Office, at 1 (Mar. 17, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Telephone conversation with Lynn Rodriguez, General Counsel, Texas Southern University (June 22, 2004); Letter from Lionell Howard, President, Tierwester Civic Association, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General's Office (May 18, 2004) (on file with the Opinion Committee) [hereinafter Tierwester Civic Association Brief]; Request Letter, *supra* note 1, at 1. The City of Houston, which has jurisdiction over the property, has advised the University that it "will not enforce any deed restriction that purports to prohibit or even restrict the [University's] right . . . to acquire and hold real property . . . ." Letter from Anthony W. Hall Jr., City of Houston Attorney, to Dr. Priscilla D. Slade, President, Texas Southern University (Mar. 4, 2003) (on file with the Opinion Committee); *accord* Letter from Arturo G. Michel, City of Houston Attorney, to Nancy Fuller, Chair, Opinion Committee, Texas Attorney General's Office (received May 5, 2004) (on file with the Opinion Committee). In addition, in February 2003 an attorney in the Transportation Division of this office advised the University that the application of deed restrictions against a governmental entity is "deemed contrary to public policy and void." Memorandum from Randall M. Ward, Senior Attorney, Transportation Division, Texas Attorney General's Office, to Lynn Rodriguez, General Counsel, Texas Southern University (Feb. 28, 2003) (on file with the Opinion Committee).

[3]*See* Declaration and Petition For the Modification of, and Addition to, Restrictions for TIERWESTER OAKS, attached to Request Letter, *supra* note 1.

The University is a statewide general purpose institution of higher education located in the city of Houston. *See* TEX. EDUC. CODE ANN. §§ 106.01-.02 (Vernon 2002). The University's governing body, the board of regents, *see id.* § 106.11, may acquire, "by purchase, exchange, or otherwise" (including by condemnation), any real property "necessary or convenient" to carry out "the purposes of state-supported institutions of higher education"; the board also may lease any University-owned land. *Id.* § 106.35(a), (c). The proceeds from any lease of land "or other real property" must be added to the University's general funds. *Id.* § 106.35(b).

Several judicial decisions conclude that deed restrictions and restrictive covenants do not apply to a governmental entity, particularly one with authority to condemn, with respect to property the governmental entity has acquired by purchase or condemnation. *See Wynne v. City of Houston*, 281 S.W. 544, 544 (Tex. 1926) (per curiam) (concluding that no contract could restrict a municipality's authority to construct and maintain fire stations); *Deep E. Tex. Reg'l Mental Health & Mental Retardation Servs. v. Kinnear*, 877 S.W.2d 550, 560 (Tex. App.–Beaumont 1994, no writ) (concluding that restrictive covenants "must yield to the exercise of the state's legitimate police power"); *Palafox v. Boyd*, 400 S.W.2d 946, 949-50 (Tex. Civ. App.–El Paso 1966, no writ) (concluding, based upon *Wynne* and other cases, that restrictive covenants cannot be applied against a governmental body with authority to condemn); *City of River Oaks v. Moore*, 272 S.W.2d 389, 391 (Tex. Civ. App.–Fort Worth 1954, writ ref'd n.r.e.) (concluding that deed restrictions are not binding on the state or a subdivision thereof). Based on the holdings in these cases, we conclude that deed restrictions do not apply to University-owned property in this situation.

We have found no authority indicating that the conclusion would be different because the University-owned property is used for privatized student housing. The University has determined that the housing, when constructed, "will serve a public purpose directly related to the performance of the University's duties and functions, specifically, to house students enrolled at the University." Request Letter, *supra* note 1, at 2. Presumably, lease payments the University receives from the private entity controlling the housing will be deposited into the University's general fund, in accordance with section 106.35 of the Education Code, which requires lease proceeds to be added to the University's general funds. *See* TEX. EDUC. CODE ANN. § 106.35(b) (Vernon 2002).

A brief we have received raises numerous fact issues regarding the University's use of the property and the purported public purpose. *See generally* Tierwester Civic Association Brief, *supra* note 2. This office cannot resolve fact questions. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). We assume, therefore, that the University, as the requesting governmental body, has set forth a correct and complete version of the facts. *Cf.* Tex. Att'y Gen. ORD-609 (1992) at 5 (stating that, where this office may not resolve fact issues under the Open Records Act as a matter of law or from the face of the documents, we "must rely on the representations of the governmental body requesting our opinion").

## S U M M A R Y

Deed restrictions do not apply to property owned by Texas Southern University, which the University acquired by purchase or by condemnation and on which privatized student housing is being constructed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee