**CITY OF CORPUS CHRISTI, Texas,
Appellant,**

v.

**Mrs. Bonnie McCARVER, Appellee.**

**No. 12741.**

Court of Civil Appeals of Texas.

San Antonio.

March 21, 1956.

Rehearing Denied April 18, 1956.

I. M. Singer, Corpus Christi, for appellant.

North, Blackmon & White, Corpus Christi, for appellee.

## W. O. MURRAY, Chief Justice.

This is the third time this Court has been called upon to consider this case. Our first opinion is found in 253 S.W.2d 456. Our next opinion is found in 275 S.W.2d 194. A writ of error was granted in the last appeal and our decision was reversed by the Supreme Court in an opinion dated October 12, 1955, McCarver v. City of Corpus Christi, Tex., 284 S.W.2d 142, 143.

As heretofore stated in our opinions, this is a suit by the City of Corpus Christi against Mrs. Bonnie McCarver, seeking a mandatory injunction requiring Mrs. McCarver to remove certain buildings from an alleged alleyway in the rear of Lot 5, Block 83, of the Brooklyn Addition to the City of Corpus Christi. A more complete statement of the case can be had by reading our former opinions and that of the Supreme Court.

The Supreme Court in reversing and remanding the cause to this Court, among other things, had this to say:

"In this suit to remove obstruction the City as plaintiff had the burden of establishing as a fact the legal existence of the alley at the time of filing suit. This it has failed to do and therefore must fail in its suit. This is not a title suit, so we do not pass upon the question of title and specifically hold that no question of title is adjudicated in this case."

We did not consider that these matters were raised by the briefs of the parties filed in this Court, and for that reason we did not discuss them in our opinion. The parties seemed to admit that the original dedication was complete and that the alleyway existed unless defeated by the adverse possession of those under whom Mrs. McCarver claimed. Since the Supreme Court was held that the City failed to show the existence of an alleyway, we have examined the entire record and readily agree that the City failed to discharge the burden resting upon it of showing that the alleyway had been dedicated by the landowner, or accepted by the public or any one else, by use or otherwise.

The City introduced in evidence a plat of the Brooklyn Addition to the City of Corpus Christi, showing, among other things, Lot 5 of Block 83, and a twenty-foot alleyway to the rear of this lot. It was shown that this plat was recorded in Nueces County on November 6, 1909, but there is no showing as to who had the plat made, who had it recorded, or who owned the land which it covered, nor is there proof of any facts that would show that the owner of the land at that time did anything to indicate that he was dedicating this alleyway to a public use. Thus the intent on the part of the landowner to dedicate the alleyway to a public use is not shown. 14 Tex.Jur. § 13, p. 698; 39 Tex.Jur. 648.

The evidence further fails to show that this particular alleyway was ever used by the public, from the time this plat was recorded up to the time of trial, and thus the City failed to show any acceptance of the alleyway by the public or any one else of any possible offer to dedicate the same. An offer to dedicate is not complete until accepted. 14 Tex.Jur. Sec. 21, p. 710.

It is true that appellee, Mrs. McCarver, filed a motion under the provisions of Rule 269, Texas Rules of Civil Procedure to be permitted to open and close the argument, but by doing so appellee did not admit appellant's cause of action. By this motion appellee accepted the burden of proof as to the only issue submitted to the

jury which was a defensive issue, but did not admit appellant's cause of action. Nass v. Nass, Tex.Civ.App., 224 S.W.2d 280; Ready v. City of Marshall, Tex.Civ.App., 234 S.W.2d 104; City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623.

Where a defendant files a motion under the provisions of Rule 266, T.R.C.P., seeking the right to open and close the case, he in effect admits the cause of action asserted by the plaintiff, except as it may be defeated by his affirmative defense or defenses. Stolpher v. Bowen Motor Coaches, Tex.Civ.App., 190 S.W.2d 376. But he makes no such admission by asking for the right to open and close the argument under the provisions of Rule 269, supra.

The trial court in rendering judgment herein affirmatively stated that it based such judgment not only upon the verdict of the jury, but also upon such other findings as were authorized.

The evidence not being conclusive that the alleyway had ever existed at any time, the City waived its cause of action by not requesting that issues relating to this matter be submitted to the jury, and by failing to complain because same were not submitted. Rule 279, T.R.C.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

The Supreme Court found that, "The making of permanent and valuable improvements in the form of a rent house blocking the alley and the active renting of the house is some evidence of an adverse use and claim to that of its use by the public and by the City as an alley. We hold this raised a fact issue. Therefore the verdict establishes that the right to use the alley as such was lost to the City and public by continuous adverse use for a period of more than ten years before 1939." And, inasmuch as we did not reach appellant's point attacking the sufficiency of the evidence to sustain the jury finding, the case was remanded to this Court that we might pass upon the point.

We are of the opinion that the evidence was sufficient to support the jury's answer to the only special issue submitted, relating to the adverse use of the alley, for more than ten years, by those under whom appellee claimed. We had assumed, in our original opinion, that appellee would be required to show that she had acquired the limitation title to the alleyway, but the Supreme Court makes it plain that she could defeat the City's cause of action by showing that there was an outstanding limitation title to the alleyway even though that title was held by someone other than appellee. Under the evidence in this case the limitation title could have been established only between April 5, 1926, when Lot 5, Block 83, was conveyed by Grady Rollins to Charles A. Runck, and the year 1939, when Art. 5517, Vernon's Ann.Civ. Stats., was amended. During this period of time the property in question was in the possession of Mrs. Harriett G. Banes and Mrs. Rubie B. Runck, wife of Charles A. Runck, according to the contention of appellee. Neither of these parties testified at the trial. Charles A. Runck was supposed to be the person who actually held possession of the property as the agent and trustee of Mrs. Banes and Mrs. Runck. Charles A. Runck did not testify, however, his brother, John J. Runck, did testify. He stated that he was personally familiar with the property in dispute, that when Rollins conveyed it to Charles A. Runck, Charles took possession of not only Lot 5, Block 83, but also of the twenty-foot alleyway in the rear. That there was a house on the front of the lot and another house, some fourteen by thirty feet, practically blocking the twenty-foot alley. That Charles took possession of the property as agent and trustee for his mother-in-law, who had furnished the money and was the real owner of the property, and kept the property rented until some time after 1939. In 1935 Charles executed a deed conveying the property to Mrs. Bane but this did not change the situation as he had been holding the property for Mrs. Bane all the time. Another witness testified that Charles A. Runck managed the property and kept

it rented. There seems to be an intimation that at some time Mrs. Bane conveyed the property to her daughter Mrs. Rubie B. Runck wife of Charles A. Runck but this did not change the situation because Charles continued to manage the property and kept it rented thereafter as agent of his wife. Appellant introduced the deposition of Charles A. Runck taken in a different cause stating that he did not claim the property in dispute as his own during the time he was in possession of it but this in no way conflicts with the theory that he was holding it as agent and trustee for Mrs. Bane and his wife Rubie B. Runck.

There is some intimation in the evidence that John J. Runck did not personally know all that he testified to but this went only to his credibility and that was a matter for the jury. The jury gave credence to his testimony and answered the only issue submitted in appellee's favor. The evidence being sufficient their answer must stand.

Accordingly the judgment of the trial court will be affirmed.