## CITY OF AMARILLO V. S. G. STOCKTON, DBA STOCKTON CONSTRUCTION COMPANY

No. A-6548. Decided March 12, 1958.
(310 S.W. 2d Series 737)

276

*Gibson, Ochsner, Harlan, Kinney & Morris and J. Hadley Edgar, Jr.,* all of Amarillo, for petitioner, presented the following points of error.

"The Court of Civil Appeals erred in affirming Stockton's instructed verdict, while reversing and remanding Gray's suit against the City" and "Since the Court of Civil Appeals has reversed and remanded Gray's suit against the City of Amarillo for a jury finding of negligence on the part of the city * * * such act of negligence, being dependent upon negligent construction by respondent Stockton, the Court of Civil Appeals erred in affirming respondent's motion for instructed verdict" and "Since the City has a right of indemnity against" the construction company, "the Court of Civil Appeals erred in affirming" the contractor's "motion for instructed verdict because such action denies the city of Amarillo its contractual right of indemnity," citing Hicks v. Matthews, 153 Texas 177, 266 S.W. 2d 846; Glade v. Dietert, 156 Texas 382, 295 S.W. 2d 642; Hamilton v. Prescott, 73 Texas 565, 11 S.W. 548.

*Sanders, Scott, Saunders & Smith and E. R. Finney,* of Amarillo for respondent, having also filed an application for writ of error, contended that:

The Court of Civil Appeals erred in holding that it was nec-

essary for petitioner to establish that the city was negligent and in refusing to affirm the judgment of the Trial court, citing City of Amarillo v. Ware, 40 S.W. 2d 57; City of Houston v. Anderson, 115 S.W. 2d 733; Blair v. Waldo, 245 S.W. 986.

MR. JUSTICE CULVER delivered the opinion of the Court.

The City of Amarillo let to S. G. Stockton a contract for the excavation of a trench along and within the street and the laying therein of a sanitary sewer line. During the course of the work by the contractor a cave-in occurred. Johnnie Gray sued the City for damages to his building located on land abutting the street caused, as he asserts, by the loss of lateral support. He alleged that the City's liability for this damage arose out of the constitutional inhibition that "no person's property shall be taken or destroyed or applied to public use without adequate compensation being made * * *." Article 1, Section 17, State Constitution. He also pleaded that the City or its contractor was negligent in several respects and that this negligence was the proximate cause of his damage.

The City impleaded the contractor and prayed for judgment over against him if recovery was had against it. The jury found that the excavation of the trench resulted in a loss of lateral support proximately causing damage to the building. The contractor obtained an instructed verdict. The trial court held the City to liability under the above quoted constitutional provision eliminating any testimony or issues with respect to negligence and rendered judgment against the City in the amount assessed by the jury.

The Court of Civil Appeals reversed and remanded as to the City holding that the trial court erred in applying the absolute liability theory under the constitutional provision. 304 S.W. 2d 742. This holding we approve. Dallas County Flood Control District v. Benson, 157 Texas 617, 306 S.W. 2d 350.

■ The Court of Civil Appeals further concluded that the City would be liable for negligence in the construction of the sewer line, and denied to the City the defense that it was engaged in the exercise of a governmental function. The City makes no complaint to that ruling and is not here urging immunity on that ground. The City does except, however, to the affirmance by the Court of Civil Appeals of the judgment absolving the contractor, Stockton, based on the instructed verdict. The City says that if it is to be held on the basis of negligence it is entitled to be

heard on its plea over against the contractor. On this point the application of the City was granted and after due consideration we think it should be sustained.

The terms of the City's contract call for the contractor to take proper means to protect the adjacent or adjoining properties against damage that might result from this construction and to sheet, shore and brace the sides of the excavation to prevent slides, cave-ins, settlement or movement of the banks. It provides that the contractor shall be liable for all claims for such damage on account of any failure to fully protect all adjoining property. The burden rested upon the plaintiff to prove negligence and no such proof being offered, the City was under no duty to prove negligence or the absence thereof. If on a retrial the City is to be held liable for negligence then it should be entitled to the opportunity to recover over against the contractor whatever damages may be assessed against it, otherwise the City has not had its day in court on its plea over. Hamilton v. Prescott, 73 Texas 565, 11 S.W. 548; American Indemnity Co. v. Martin, 126 Texas 73, 84 S.W. 2d 697; Burton v. Roberson et al, 139 Texas 562, 164 S.W. 2d 524, 143 A.L.R. 1, and Minus v. Doyle, 141 Texas 67, 170 S.W. 2d 220. The Court of Civil Appeals should have reversed and remanded the whole case.

■ Respondent, Stockton, contests the jurisdiction of this Court to hear the City's application for writ of error on the ground that the application was not filed within the time permitted by Rules 458 and 468.

It appears that on May 6, 1957 the Court of Civil Appeals handed down a decision affirming the judgment of the trial court in favor of both Gray and the contractor. The City of Amarillo timely filed its motion for rehearing to that judgment attacking it only in so far as it related to the judgment in favor of Gray. Upon consideration of that motion the Court of Civil Appeals withdrew that opinion and rendered the one here under review on June 17, 1957. To this judgment the City filed its motion for rehearing upon which its application for writ of error is predicated. Respondent, Stockton, says that since the City did not attack the original judgment of the Court of Civil Appeals in so far as he, Stockton, is concerned within the 15-day period, the judgment as to him became final and, therefore, the motion addressed to what he calls the "second judgment" of the Court of Civil Appeals came too late. We do not agree. The Court of Civil Appeals in truth and in fact handed down only one decision. The first was not modified or amended, but was entirely

withdrawn so that under the rules the City had the allotted time to file its motion for rehearing attacking the final decision of the Court of Civil Appeals on all grounds that it thought proper. Furthermore, if the Court of Civil Appeals had properly affirmed the trial court's judgment the City had no claim of any kind against the contractor. That claim only became material when the Court of Civil Appeals held that recovery could be had against the City only on the ground of negligence. Respondent cites Reynolds v. Dallas County, 146 Texas 372, 207 S.W. 362, but the holding in that case was only to the effect that a motion for rehearing must be filed within 15 days or request for enlargement of time made within that period, otherwise the Court of Civil Appeals is not empowered to extend or enlarge the time for filing.

■ The application of the plaintiff, Johnnie Gray, was granted by reason of the granting of the City's application. His sole point is that the Court of Civil Appeals should have held that he was entitled to recover his damages under Article 1, Section 17 of the Constitution and that it was not necessary for him to predicate the suit upon the City's negligence. As aforesaid, we approve the holding of the Court of Civil Appeals in this regard and overrule the point of error.

Accordingly, the judgment of the Court of Civil Appeals is reversed in so far as it affirmed the judgment in favor of respondent, Stocton, and otherwise is affirmed. The entire cause is remanded to the trial court for further proceedings not inconsistent herewith.

Opinion delivered March 12, 1958.