HEUSINGER HARDWARE COMPANY, Appellant,

v.

FROST NATIONAL BANK OF SAN ANTONIO, Appellee.

No. 3727.

Court of Civil Appeals of Texas.

Eastland.

Feb. 8, 1963.

Rehearing Denied March 1, 1963.

Bradford F. Miller, San Antonio, for appellant.

Carl Wright Johnson and Alfred W. Offer, San Antonio, for appellee.

COLLINGS, Justice.

Heusinger Hardware Company brought this suit against the Frost National Bank of San Antonio. Plaintiff alleged that its bookkeeper took a number of checks which were payable to plaintiff to Frost National Bank and without the knowledge, consent

or authority of plaintiff cashed such checks and that the proceeds of said checks were never received by plaintiff; that as a result of these transactions the defendant bank became liable for the face amount of such checks, with interest. Plaintiff made request for admissions which were answered and moved for summary judgment, which motion was overruled. The court sustained defendant's exceptions to plaintiff's pleadings. After announcement by plaintiff that it had alleged all the available facts and that no additional facts could be pleaded by further amendment, the suit was dismissed. Heusinger Hardware Company has appealed. The parties will be referred to as they appeared in the trial court.

Plaintiff, as appellant, presents points in which it is urged that the trial court erred (1) in sustaining defendant's exceptions to its petition; (2) in dismissing the cause and (3) in overruling its motion for summary judgment. Plaintiff's first four points complain of the action of the court in sustaining exceptions in which the defendant moved that the matter excepted to be stricken.

It was alleged in plaintiff's petition that "in the regular course of its business the Plaintiff receives checks from its customers in payment of their accounts with Plaintiff, all of which checks are payable to Plaintiff, which Plaintiff collects by depositing and collecting same in and through the bank where Plaintiff has its account; that Plaintiff has never had an account with Defendant, nor deposited or collected any checks or negotiable instruments with or through the Defendant nor done any banking business with Defendant; that during the period covered by the checks hereinafter referred to there was a bookkeeper in the employ of Plaintiff named James F. Jolly, whose duties were to make and keep records of the business transactions of Plaintiff on the usual and customary books and records of a mercantile business." It was further alleged in substance that plaintiff's bookkeeper Jolly was in the course of his duties supposed to make entries in plaintiff's books on all checks sent in by plaintiff's customers; that without any authority from plaintiff and without its knowledge or consent Jolly cashed a large number of said checks, the proceeds of which were never received by plaintiff; that none of said checks were ever indorsed by plaintiff or by any officer, agent or employee authorized to do so; that during the period from about November 6, 1953, and continuing until on or about April 26, 1955, Jolly cashed such checks with the defendant bank and in exchange for each of said checks Jolly received from the bank the full amount of each check in cash.

Plaintiff further alleged in substance that Jolly, as its bookkeeper was instructed to prepare all checks received from customers for deposit in the National Bank of Commerce of San Antonio where plaintiff maintained its bank account, and to list all of said checks on a deposit slip each day for delivery to said National Bank of Commerce; that Jolly was instructed to place on the back of each check a rubber stamp reading "For Deposit Only, Payable to the Order of National Bank of Commerce of San Antonio, Texas, Heusinger Hardware Company"; that so far as plaintiff knew Jolly was performing his duties as bookkeeper as directed by plaintiff; that on April 26, 1955, plaintiff discharged Jolly from his employment and thereafter it was discovered that the books were out of balance and that Jolly had made false entries in plaintiff's books and records; that plaintiff further discovered that the checks in question had not been deposited in plaintiff's bank account in the National Bank of Commerce of San Antonio, but had been cashed by the said Jolly. Plaintiff further alleged in substance that each of said checks was found to bear the imprint of a rubber stamp on its back reading "Heusinger Hardware Company, 111 West Side Military Plaza, San Antonio, Texas," which was a stamp plaintiff kept in its office for the purpose of marking packages, mailing tags and shipping documents; that each of said checks also bore the signature of Jolly on

the back; that plaintiff never permitted Jolly to sign checks or indorse or cash checks or to place any rubber stamp on the back thereof except the one above described containing the words "for deposit only" for use in depositing them in plaintiff's bank account, and until the recovery of said checks plaintiff had no knowledge that Jolly had done so. Plaintiff alleged that Jolly by such conduct converted said checks to his own use and benefit and embezzled same. Plaintiff sought to recover from the defendant bank the total amount of said checks alleged to be $3,017.71 and interest.

Defendant filed special exceptions to plaintiff's pleadings. In paragraph 1 of its answer defendant specially excepted to that portion of plaintiff's pleadings wherein it was alleged that "without any authority from the plaintiff to do so, and without its knowledge or consent, the said James F. Jolly cashed a large number of checks, and the proceeds of said checks were never received by plaintiff. None of said checks were ever endorsed by plaintiff, or by any officer, agent or employee authorized so to do."

Defendant urged that such allegations should be stricken contending that no fact or facts were alleged in plaintiff's pleadings showing any lack of authority on the part of Jolly to indorse checks on behalf of plaintiff; that on the contrary plaintiff's pleadings showed on their face that plaintiff had expressly authorized Jolly to indorse customers' checks by use of a rubber stamp furnished by plaintiff, and that plaintiff's main complaint was that Jolly should have indorsed such checks and deposited them in the bank where plaintiff had its account rather than indorsing the checks for and on behalf of plaintiff and cashing same with the defendant; that plaintiff admits in its pleadings that Jolly was expressly authorized to·take possession of its checks; that each of such checks shows to have been indorsed by Jolly by placing the indorsement of. plaintiff on the back thereof as well as his own indorsement, showing that he was cashing each such checks as agent for and on behalf of plaintiff; that plaintiff's allegations of lack of authority on the part of Jolly to indorse such checks are repugnant to and contradictory of plaintiff's further allegations to the effect that plaintiff did expressly authorize Jolly to indorse its checks for deposit. Defendant further urged that plaintiff's allegations to the effect that "Jolly cashed a large number of said checks, and the proceeds of said checks were never received by plaintiff" is an erroneous legal opinion and conclusion of plaintiff because in truth and in fact the payment of the amount of the checks to Jolly was a payment to plaintiff itself because plaintiff is a corporation and could only act through agents, and Jolly was its agent; that plaintiff admits Jolly was authorized to receive funds and checks from customers and he was therefore authorized to receive for and on behalf of plaintiff the cash proceeds represented by the checks in question. Defendant further urged that plaintiff's allegation to the effect that none of said checks were ever indorsed by plaintiff or by any agent or employee authorized to do so is irrelevant and immaterial and could show no liability on the part of defendant because the funds from each of said checks was paid to Jolly allegedly an agent of plaintiff authorized to receive its funds, and that any embezzlement from the plaintiff of such funds by Jolly would be a matter between plaintiff and Jolly and could not create any cause of action against the defendant.

In other exceptions urged by the defendant bank and sustained by the court it was contended that plaintiff's pleadings concerning the duties and authority of the bookkeeper Jolly showed no more than secret mental reservation on the part of plaintiff' and that the alleged false entries made by Jolly to conceal his actions were irrelevant and immaterial; that the checks in question show on their face to be properly indorsed by plaintiff as payee and were negotiable bills of exchange in the hands of plaintiff's agent Jolly and since there was no allega-

tion that defendant had "any actual knowledge of such facts that their action in taking such instruments amounted to bad faith"; that defendant became a holder of such checks in due course, and that plaintiff therefor alleged no cause of action against the defendant.

In our opinion appellants first four points are well taken. Briefly stated, plaintiff's allegations were, in effect, that its bookkeeper Jolly had authority to receive checks made payable to plaintiff, to make entries in plaintiff's books showing the receipt of all such checks sent in by plaintiff's customers, to prepare all such checks for deposit in the National Bank of Commerce of San Antonio, where plaintiff maintained its bank account, to indorse such checks with a rubber stamp reading "For Deposit Only, Payable to the Order of National Bank of Commerce of San Antonio, Texas, Heusinger Hardware Company", and to deposit any such checks in the National Bank of Commerce. Plaintiff alleged that the above allegations showed the extent of Jolly's authority and that he had no authority to cash such checks and receive money thereon, but without any authority from plaintiff and without its knowledge and consent did cash said checks which were never indorsed by plaintiff or any agent or employee of plaintiff authorized to do so.

▮ It is held that a general agency does not imply authority in an agent to indorse checks payable to his principal; that an agent's authority with respect to negotiable instruments is limited to a power to act in a manner and under circumstances specified in the power, in the absence of circumstances showing a broader apparent authority. Independence Indemnity Co. v. Republic National Bank & Trust Company, Tex. Civ.App., 114 S.W.2d 1223. Thus, an agent who has authority to indorse in form for deposit has no implied authority to indorse generally, and a general indorsement by such an agent passes no title. It is also held that a collecting bank which cashes a check on such an indorsement, holds the

proceeds of the check for the payee and that the payee is entitled to maintain an action against the bank for the amount of the check. 9 C.J.S. Banks and Banking § 357, pp. 764, 765. Fidelity & Deposit Company of Maryland v. Fort Worth National Bank (Tex.Com.App.), 65 S.W.2d 276; Morris Plan Bank of Fort Worth v. Continental National Bank of Fort Worth, Tex.Civ. App., 155 S.W.2d 407.

▮ The facts alleged by plaintiff, as substantially set out above, show a lack of authority on the part of plaintiff's bookkeeper, Jolly, to indorse the checks as he did, and to cash and to receive the proceeds thereof. The fact that the bank acted in good faith and paid value is, under the circumstances, not material. Plaintiff's allegations, therefore, state a cause of action against the defendant with clarity and detail sufficient to give defendant fair notice of plaintiff's alleged cause of action. The allegations are not as appellee contends repugnant and contradictory. The fact that Jolly had authority to indorse checks by a stamp showing it was "for deposit only" does not indicate authority to indorse for general purposes. The fact that Jolly was paid money for these checks under the circumstances alleged does not as contended by appellee in law constitute "a payment to plaintiff."

▮ Although plaintiff alleged that none of the checks in question were ever indorsed by plaintiff or by any agent or employee authorized to do so and that said checks were cashed by Jolly without any authority from plaintiff, plaintiff did not make a sworn denial of the genuineness of the indorsements on said checks as required by Rule 93, Vernon's Ann.Rules of Civil Procedure. Appellee Frost National Bank urged numerous exceptions to plaintiff's pleadings but no exception was made because of plaintiff's failure to deny under oath the authenticity of the indorsements on said checks. In appellee's 8th counter point this matter is raised for the first time, and appellee contends that by reason of Rule

93, the indorsements of said checks are required to be held as fully approved, and that appellant Heusinger Hardware Company is not entitled to urge any contention to the contrary before this court. In our opinion appellee's contention in this respect is not well taken.

■ It is generally held that the absence of a required verification is a defect which may be waived, although the requirement for verification of a plea of non est factum is not waived by the mere failure to except to the lack of verification. In such cases an objection to testimony tending to show the lack of authority of an agent would be well taken. As stated in Volume 2 McDonald, Tex.Civil Practice, pages 657, 658, "Where the defective plea is in the nature of a denial, and if effective would impose on the pleader's opponent an additional onus of proof the opponent is not required to except specially. The defective plea is insufficient to require him to make proof and he avoids a waiver of the pleading defect by objecting to any evidence tendered by the pleader or any questions on cross-examination, tending to raise the issue."

■ From the above it is apparent that plaintiff's failure to verify under oath its allegation denying the execution by itself or by its authority of the indorsement on the checks is not such a defect that could not be waived upon a trial of the case. The unverified plea was ineffective to place upon appellee Frost National Bank the burden of proving the indorsement of said checks by Heusinger Hardware Company even though the bank did not except to the plea or move to strike it. An exception by appellee complaining of the defective plea of denial of authority to indorse would have been well taken. It would not, however, be proper to uphold the action of the court in sustaining the exceptions to plaintiff's pleadings on other grounds which were not well taken because of another and different defect in the pleading which was subject to exception if it had been made. To sustain appellee's contention in this respect would,

in effect, be the equivalent of sustaining a general demurrer, or of holding that it would be fundamental error under any circumstances to enter a judgment based upon a pleading which was not verified according to the requirements of Rule 93, supra. Appellant's counter point 8 is not well taken. In Standard Underground Cable Co. v. Southern Independent Telephone Co., Tex. Civ.App., 134 S.W. 429 (Writ Ref.), it is stated that the effect of a defective plea of non est factum when not objected to is that it "merely shifts the burden of proof of the contract to the defendant."

■ We find no merit in appellee's contention that its exceptions to the allegations in plaintiff's petition are good particularly in view of facts and admissions shown in depositions which appellant contends are detrimental to plaintiff's position. Generally the facts alleged in plaintiff's petition are taken as true in passing upon exceptions thereto. State v. Clark, 161 Tex. 10, 336 S.W.2d 612; Thomas v. Texas Osage Co-op Royalty Pool, Tex.Civ.App., 248 S.W.2d 201 (Ref. N.R.E.). In any event we find no testimony or admissions presented at the pretrial proceeding which constitute a bar to plaintiff's right to recover. Provident Life & Accident Ins. Co. v. Hazlitt, 147 Tex. 426, 216 S.W.2d 805. The court erred in sustaining appellant's exceptions to plaintiff's petition and erred in dismissing plaintiff's suit.

■ We overrule plaintiff's 6th point in which it is contended that the court erred in overruling its motion for summary judgment. As heretofore noted plaintiff did not deny under oath the genuineness of the indorsements on the checks in question upon which this suit is brought. It has been held proper for a trial court to refuse to submit issues under a defendant's unverified plea denying individual liability on a contract sued upon even though evidence thereon was heard without objection. Thomason v. Berry (Tex.Com.App.), 276 S.W. 185. In any event appellant Heusinger Hardware Company by reason of its failure to verify

its plea of lack of authority on the part of its agent Jolly to indorse the checks had the burden of showing such lack of authority. To show such lack of authority appellant relies upon the deposition testimony of its own officers Heusinger and O'Brien. Since Heusinger was an interested party the testimony of its officers, even though not contradicted is not under the circumstances conclusive, but presents only a question of fact to be determined upon a trial of the case. James T. Taylor, etc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W. 2d 371. Plaintiff Heusinger Hardware Company did not clearly prove its right to a summary judgment and the court did not err in refusing same.

We have carefully considered, but cannot agree with, appellee's counter points and other contentions in support of the judgment. For the reasons stated the judgment is reversed and the cause is remanded for trial.